Andrew C. LEAF,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4332)

Andrew C. Leaf Plaintiff (taxpayer) filed a response *pro se*.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered October 4, 1999.

**CARL N. BYERS, Judge.**

Plaintiff (taxpayer) appeals from a magistrate Decision holding that distributions from an individual retirement account (IRA) are subject to Oregon personal income tax. The distributions in question consist of contributions made to an IRA while taxpayer was a nonresident. There is no dispute of material fact, and the matter is before the court on Defendant Department of Revenue's (the department) motion for summary judgment and taxpayer's response thereto.

## FACTS

While taxpayer was a resident of the state of Washington, he made contributions to an IRA and deducted the contributions on his federal income tax return. Because Washington does not tax personal income, he took no deduction on any state return.

In 1989, taxpayer moved to Oregon. In 1996, he began withdrawing funds from the IRA. He reported the distributions on his federal income tax return as taxable income but excluded them on his Oregon state income tax return. The department treated the distributions as additional taxable income and adjusted the return. Taxpayer appealed to the Magistrate Division.

## ISSUE

Are IRA distributions to an Oregon resident, which consist of contributions made while a resident of another state that imposes no income tax, subject to personal income tax in Oregon?

## ANALYSIS

The parties agree that the issue is governed by ORS 316.159.[1] However, they disagree as to its meaning and application. The court must construe the statute as constrained by law and judicial precedent. ORS 174.010 provides:

"* * * In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

In addition to this statutory direction, the court is governed by precedent set by the Oregon Supreme Court which indicates that the judge must first look to the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). Additionally, words of common usage are to be given their plain, natural,

---

[1] All references to the Oregon Revised Statutes are to 1995.

and obvious meaning. *Perez v. State Farm Mutual Ins. Co.*, 289 Or 295, 299, 613 P2d 32, 34 (1980).

ORS 316.159(1)(a) provides, in relevant part:

"* * * In addition to other modifications to federal taxable income contained in this chapter, there shall be subtracted from federal taxable income of a resident individual the distributions received by the individual from a plan or trust described under subsection (2) of this section to the extent that:

"(A)  The distributions consist of contributions made in a tax period during which the individual was a nonresident; and

"(B)  The distributions consist of contributions made in a tax period for which no deduction, exclusion or exemption for the contributions was allowed or allowable to the individual for purposes of a state personal net income tax imposed during the period by the state of which the individual was a resident * * *."

Taxpayer contends that he has met all of the conditions because no deduction, exclusion, or exemption was allowed by the state of Washington. In contrast, the department contends that the subtraction is only allowable if the state had an income tax and the contributions were in fact taxed. The department points to OAR 150-316.159(1)(a) which provides, in part:

"For tax years beginning on or after January 1, 1991, Oregon will allow resident taxpayers a subtraction for distributions from an individual retirement account, Keogh plan or Simplified Employee Pension plan for the contributions to the plan that have *already been taxed by another state*." (Emphasis added.)

In response to the rule, taxpayer's argument seems to be that although Washington did not have a personal income tax, it imposed other taxes on its citizens (*e.g.*, a sales tax), which satisfy the "already been taxed" requirement of the rule.

The purpose of ORS 316.159 is to prevent double taxation (*e.g.*, taxing the contribution to the IRA and taxing

the distribution). If a taxpayer received a deduction, exemption, or exclusion for the contribution, then it was not previously taxed. Taxpayer is essentially contending that the legislature intended to allow a subtraction even though the contribution was not taxed. Taxpayer focuses upon the words "no deduction, exclusion, or exemption for the contribution was allowed or allowable." However, the words granting the subtraction are modified by the phrase "for purposes of a state personal net income tax imposed during the period by the state." Taxpayer gives no effect to the words "imposed during the period." ORS 316.159.

Admittedly, it is an awkward way of saying that a taxpayer is not entitled to a subtraction unless the contribution was previously taxed in the other state. However, the department's rule OAR 150-316.159(1)(a) is clear and consistent with legislative intent. It would be inconsistent to allow a subtraction where the state had no personal income tax, but not where the state had a personal income tax that allowed a deduction.

The statute does more than simply describe a subtraction. By adding the words "imposed during the period by the state," the legislature has expressly conditioned the subtraction. Inasmuch as Washington imposed no personal net income tax, taxpayer cannot qualify for the subtraction under ORS 316.159. Now, therefore,

IT IS ORDERED that Defendant's motion for summary judgment is granted. Costs to neither party.