IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JACQUELINE FISHER,                          )
                                            )
                Plaintiff,                  )    TC-MD 230472N
                                            )
        v.                                  )
                                            )
DEPARTMENT OF REVENUE,                      )
State of Oregon,                            )
                                            )
                Defendant.                  )    **DECISION**

This matter came before the court on the parties' cross motions for summary judgment.

The issue is whether, for the 2022 tax year, Plaintiff may subtract distributions from her

Massachusetts retirement plan to determine Oregon taxable income. This matter is now ready

for the court's determination.

## I. STATEMENT OF FACTS

Plaintiff worked for approximately 30 years as a special education teacher at a public

school in Massachusetts and retired in 2008. (Compl at 3.) Starting in 1978 and continuing for

the duration of her career, Plaintiff contributed eight percent of her salary to the Massachusetts

Teachers Retirement System. (*Id.*) Plaintiff described her retirement plan as "a 401A annuity"

that "[u]pon retirement * * * becomes a state pension that retirees draw from monthly each year

until death." (Ptf's Ltr at 1, Apr 8, 2024.) She alleged that, "[e]ach year during which [she] paid

into this retirement system, [Massachusetts] state taxes were taken out * * * for the pension."

(Compl at 3.) A 2007 "Statement of Annuity Savings Account" gives a breakdown of "pretax"

and "after tax" contributions with most of the balance and all the interest under the "pretax"

column. (Ptf's Ltr, Jan 29, 2024.) Once retired, Plaintiff received distributions from her

retirement plan and was not required to pay state income tax on such distributions in

Massachusetts. (*Id.*) She explained that no Massachusetts state tax was due on post-retirement distributions "because [she] paid during the years of service as [she] contributed to the retirement system." (*Id.*) Upon further research, Plaintiff clarified that Massachusetts public employees "are exempt from paying state tax on their pensions." (Ptf's Ltr at 1, Apr 8, 2024.)

Plaintiff was a resident of Massachusetts until moving to Oregon in November 2021. (Compl at 5.) She filed an Oregon resident return in 2022 and subtracted distributions from her retirement plan using an OR-ASC Schedule. (*Id.* at 1, 5.) Defendant initially adjusted Plaintiff's taxable income for the 2022 tax year to include retirement plan distributions because her "contributions were not included in [her] federal adjusted gross income." (*See id.* at 8.[1]) Upon further review, Defendant revised its reason for disallowing the subtraction: the "pension does not qualify because it is not an IRA or other qualifying retirement plan." (*Id.* at 10.) Plaintiff then appealed Defendant's 2022 assessment to this court stating that Oregon Subtraction Code 327 "honors Massachusetts state income tax exemption for Mass Teachers Retirement System."[2] (*Id.* at 1.) Defendant initially disagreed with Plaintiff's appeal because "Massachusetts did not tax [] Plaintiff's full contribution amount every year." (Answer at 1.) Defendant subsequently revised its reasoning to state that Plaintiff is not allowed to subtract her distributions because Internal Revenue Code (IRC) 401(a) retirement plans are not one of the "accepted plans" under ORS 316.159. (Def's Resp to Ptf's Mot for Summ J at 2.)

---

[1] Defendant referenced Plaintiff's Form 1099-R, but neither party provided a copy of that form to the court.

[2] Subtraction codes are required when calculating subtractions on a Schedule OR-ASC. These subtractions "are items the federal government taxes but Oregon does not." Oregon Department of Revenue, *Publication OR-17: Individual Income Tax Guide 2022*, 69 (Pub 150-101-431) (Sept 2022). The OR-ASC Schedule is used to list the subtractions claimed by using the corresponding codes and to calculate the total subtractions which are then reported on a taxpayer's return. *See id.*; *see also* instructions to 2022 Schedule OR-ASC. Subtraction code 327 pertains to previously taxed employee retirement plan contributions. *See Publication OR-17* at 82. The statutory authority for code 327 is found in ORS 316.159.

## II. ANALYSIS

The issue presented is whether for the 2022 tax year Plaintiff may claim a subtraction from taxable income for distributions from her IRC 401(a) plan[3] under ORS 316.159.[4]

The court grants a motion for summary judgment if all the documents on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." Tax Court Rule (TCR) 47 C.[5] "No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party * * *." *Id.* As the party seeking affirmative relief, Plaintiff ultimately bears the burden of proof by a preponderance of the evidence, which "means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971); ORS 305.427. "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990).

Plaintiff maintains she should be allowed to subtract distributions from her 401(a) plan because she meets some of the requirements set out in the 2022 OR-17 Individual Income Tax Guide (Tax Guide). (*See* Compl at 13; Ptf's Ltr at 1, Apr 8, 2024.) First, her retirement income was "included in [her] federal taxes" for the 2022 tax year. (Ptf's Ltr at 1, Apr 8, 2024.) Second, her plan contributions were made while she was a non-resident of Oregon. (*Id.*) Third,

---

[3] Both parties separately stated that Plaintiff's retirement plan was a 401(a) plan. (Ptf's Ltr at 1, Apr 8, 2024; Def's Resp to Ptf's Mot for Summ J at 2.) The court accepts the parties' agreement on this point. The court did not receive sufficient evidence to make an independent finding and declines to do so.

[4] The court's references to the Oregon Revised Statutes (ORS) are to the 2021 edition.

[5] TCR 47 is made applicable by TCR-MD 13 B, which provides that "[t]he court may apply TCR 47 to motions for summary judgment, to the extent relevant."

Plaintiff initially alleged that she paid tax to Massachusetts on her contributions each year that she contributed to the plan, thus resulting in double taxation, though she may have abandoned that argument. (Compl at 3; *see also* Ptf's Ltr at 1, Apr 8, 2024 (argument omitted).) Instead, Plaintiff notes that Massachusetts grants an exemption on state employee pension income and notes that 15 states have reciprocal agreements with Massachusetts, though Oregon is not one of them. (Ptf's Ltr at 1, Apr 8, 2024.)

Defendant argues that Plaintiff does not qualify for a subtraction under ORS 316.159 because a 401(a) plan is not one of the "accepted plans" under subsection 2 of the statute. (Def's Resp to Ptf's Mot for Summ J at 2.) In response to Massachusetts's exemption, Defendant asserts that "Oregon does not need to conform to the tax laws of other states." (*Id.*)

A.      *Overview of Oregon Subtraction for Retirement Plan Distributions*

Oregon defines taxable income by reference to federal taxable income, subject to certain modifications, additions, and subtractions. ORS 316.048. One such subtraction provided to a resident is for certain retirement plan or trust distributions. ORS 316.159. "The purpose of ORS 316.159 is to prevent double taxation (*e.g.*, taxing the contribution to the IRA and taxing the distribution)." *Leaf v. Dept. of Rev.*, 15 OTR 53, 55-56 (1999); *see also* ORS 316.159(1)(a) (listing conditions to ensure that no tax benefit was previously allowed by another state). However, not all retirement plans and trusts qualify. ORS 316.159(2) identifies specific plans or trusts that qualify.[6] *See also Glick v. Dept. of Rev.*, 13 OTR 288 (1995) (declining to allow

---

[6] The statute identifies the following plans and trusts as eligible for the subtraction:

"(a) The plan or trust is an individual retirement account described in section 408 of the Internal Revenue Code;

"(b) [t]he trust forms part of a pension or profit-sharing plan that provides contributions or benefits for employees, some or all of whom are owner-employees, as defined under section 401(c)(3) of the Internal Revenue Code;

subtraction for Pennsylvania plan not listed in ORS 316.159 even if the plan contributions were previously taxed by Pennsylvania).

With that background in mind, the court turns to whether Plaintiff's distributions under her Massachusetts retirement plan qualify for subtraction under ORS 316.159.

B.      *Whether Plaintiff's IRC Section 401(a)-Retirement Plan Qualifies Under ORS 316.159*

In Defendant's view, Plaintiff's retirement plan does not qualify for the subtraction for the simple reason that IRC section 401(a) plans are not one of the listed plan types in ORS 316.159(2). Plaintiff does not appear to dispute that but offers a few other arguments in support of her request, as described above.

Notwithstanding the omission of section 401(a) retirement plans from ORS 316.159(2), the question becomes whether such plans could nevertheless qualify. The court addressed a similar question in *Glick*. 13 OTR 288. In *Glick*, the taxpayers were previously public-school teachers in Pennsylvania who had "contributed to the purchase of tax-sheltered annuities under IRC [section 403(b)]." *Id.* at 289. At the time of the decision, IRC section 403(b) annuity plans were not listed among the qualifying retirement plans or trusts under ORS 316.159(2). *See* ORS 316.159 (1991). The court held that the taxpayer was not entitled to a subtraction because the plain language of the statute did not allow for a subtraction and the statute was unambiguous.[7]

---

"(c) [t]he plan or trust is an annuity contract purchased on behalf of an employee of a charitable organization or public school as described under section 403(b) of the Internal Revenue Code; or

"(d) [t]he plan or trust is an eligible deferred compensation plan established and maintained by an employer that is a state or local government, a political subdivision thereof, or a tax exempt organization, on behalf of an employee of the employer, as described under section 457 of the Internal Revenue Code."

ORS 316.159(2).

[7] At the time *Glick* was decided, ambiguous statutory language was a prerequisite for a court to consider legislative history. The law on statutory interpretation has since evolved; under the present law, a court may now consider legislative history regardless of ambiguity. *See State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009)

*Glick,* 13 OTR at 290-91. The court also relied on ORS 174.010, explaining that a court must not "insert what has been omitted, or * * * omit what has been inserted" and must "give effect to each provision in each relevant statute." *Id.* at 290-91. The court finds no basis to distinguish Plaintiff's case from *Glick*. ORS 316.159(2) allows the subtraction for certain retirement plans, and it does not provide a subtraction for IRC section 401(a) plans.

Plaintiff's argument based on the Massachusetts exemption for plan distributions is unavailing. As the court explained in *Glick*, Oregon is under no obligation to conform to the statutory scheme of Massachusetts. *See Glick*, 13 OTR at 291 ("ORS 316.159 is based upon classifications under the Internal Revenue Code, not * * * [another state's] statute. [Another state] * * * cannot mandate that Oregon should conform to its statutes."). Although Plaintiff may have abandoned her claim of double taxation, the court briefly notes that – as a factual matter – it appears some portion of Plaintiff's contributions to the Massachusetts retirement account were "pretax." Thus, even if her plan qualified, Plaintiff would have to distinguish between contributions that were previously taxed and those which were "pretax." *See Leaf*, 15 OTR at 56 (no subtraction allowed unless contribution was previously taxed in another state).

## III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiff's retirement plan does not qualify under ORS 316.159(2). Accordingly, the court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment. Now, therefore,

/ / /

/ / /

---

(providing a new framework for statuary interpretation after the legislature amended ORS 174.020). Neither party in this case offered any legislative history or suggested it might change the outcome.

IT IS DECIDED that Plaintiff's appeal for the 2022 tax year is denied.

Dated this _____ day of July, 2024.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This Decision was signed by Presiding Magistrate Allison R. Boomer and entered on July 29, 2024.*

DECISION  TC-MD 230472N                                                                 7