IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| STEVEN D. WARD and CHRISTINE M. WARD, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 250187N |
| v. | ) ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) | |
| Defendant. | ) | **DECISION** |

This matter came before the court on the parties' cross motions for summary judgment.[1]
The issue is whether, for the 2023 tax year, Plaintiffs may subtract a distribution from a
retirement plan that was contributed to and taxed while Plaintiffs were residents of Pennsylvania.
The parties submitted written briefing. This matter is now ready for the court's decision.

## I. STATEMENT OF FACTS

Plaintiff Steven Ward (Ward) was a resident of Pennsylvania until 2021. (Stip Facts at
1.) While employed in Pennsylvania, Ward contributed to his 401(k)-retirement plan and paid
applicable state taxes to Pennsylvania on his 401(k) contributions. (*Id.*) Ward subsequently
rolled his 401(k) into an Individual Retirement Arrangement (IRA). (*Id.*) Ward became a
resident of Oregon in 2023. (*Id.*)

In 2023, while an Oregon resident, Ward took a $1,000 distribution from his IRA. (Stip
Facts at 1; Ptfs' Ex 2 at 1.) On their 2023 joint personal income tax return, Plaintiffs claimed a
subtraction for previously taxed employee retirement plan contributions for the distribution.

---

[1] Defendant submitted a Motion for Summary Judgment on August 15, 2025, and Plaintiffs moved for
summary judgment at the end of their Response to Motion for Summary Judgment, filed August 27, 2025.

(Stip Facts at 1; Def's Ex A at 12.)  Defendant sent Plaintiffs a Notice of Deficiency dated March 22, 2024, disallowing Plaintiffs' subtraction for previously taxed employee retirement plan contributions.  (Def's Ex B at 1.)  Plaintiffs administratively appealed Defendant's Notice of Deficiency and attended a conference with Defendant.  (*See* Def's Ex C.)  By Conference Decision Letter dated July 30, 2024, Defendant upheld the disallowance of the subtraction, stating that Plaintiffs "did not establish that [they] paid tax to another state on contributions to a traditional IRA, Keogh, or Simplified Employee Pension plan."  (*Id*.)

Plaintiffs then appealed to this court, seeking a refund for the "tax collected in error" due to the disallowance of the subtraction for tax year 2023.  (Compl at 1.)  Defendant asserts that "[d]istributions from the IRA do not qualify for a subtraction because the contributions were made to a plan that was not described under ORS 316.159(2)."  (Def's Mot for Summ J at 1.)

## II.  ANALYSIS

The issue presented is whether, under ORS 316.159, Plaintiffs may claim a subtraction from taxable income for an IRA distribution when the original contributions were made to a 401(k) plan later rolled into the IRA.[2]  Plaintiffs maintain they should be allowed to take a subtraction for the distribution from their IRA because Ward's contributions to the plan were taxed while Plaintiffs resided in Pennsylvania, as required under ORS 316.159(1).  (*See* Ptfs' Resp to Def's Mot for Summ J at 3.)  Plaintiffs allege that, because Ward's retirement contributions were taxed in Pennsylvania, Defendant's disallowance of the subtraction results in double taxation.  (*Id*.)  Defendant maintains that Plaintiffs do not qualify for the subtraction because the contributions were made to a 401(k) plan, which is not listed in ORS 316.159(2).  (Def's Mot for Summ J at 1.)

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to the 2021 edition.

The court grants a motion for summary judgment if all the documents on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." Tax Court Rule (TCR) 47 C.[3] "No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party * * *." *Id.*

A.      *Overview of ORS 316.159; Oregon Subtraction for Retirement Plan Distribution*

Oregon defines taxable income by reference to federal taxable income, subject to certain modifications, additions, and subtractions. *See* ORS 316.048. One such subtraction provided to a resident is for certain retirement plan or trust distributions received from previously taxed contributions made during a period of nonresidency. *See* ORS 316.159. "The purpose of ORS 316.159 is to prevent double taxation (*e.g.*, taxing the contribution to the IRA and taxing the distribution)." *Leaf v. Dept. of Rev.*, 15 OTR 53, 55-56 (1999); *see also* ORS 316.159(1)(a) (listing conditions to ensure that no tax benefit was previously allowed by another state).

ORS 316.159(2) lists qualifying retirement plans and trusts from which distributions are eligible for subtraction. The list includes IRAs but not 401(k) plans. *Id.* This court has disallowed the subtraction where the distribution was from a plan other than one listed in ORS 316.159(2), even if the contributions were previously taxed. *See Glick v. Dept. of Rev.*, 13 OTR 288 (1995) (denying subtraction for distribution from 403(b) plan because it was not listed in the statute);[4] *see also Fisher v. Dept. of Rev.*, TC-MD 230472N, 2024 WL 3572358 (Or Tax M Div, Jul 29, 2024) (reaching the same conclusion with respect to a Massachusetts plan described as "401A annuity"). Defendant relies on these cases to support its disallowance of Plaintiffs'

---

[3] TCR 47 is made applicable by Tax Court Rule-Magistrate Division (TCR-MD) 13 B, which provides that "[t]he court may apply TCR 47 to motions for summary judgement, to the extent relevant."

[4] ORS 316.159(2) now includes IRC section 403(b) plans.

subtraction. (Def's Mot for Summ J at 1.) Yet both cases concerned *distributions* from a non-qualifying plan, whereas Plaintiffs took a distribution from a qualifying plan – namely, an IRA. Neither *Glick* nor *Fisher* resolves the issue here.

Plaintiffs argue that this matter more closely resembles *Smith v. Department of Revenue*, TC-MD 010098F, 2001 WL 776294 (Or Tax M Div, June 18, 2001), which concerned a subtraction for a distribution from an IRA that had been rolled over from a 401(k) to which the taxpayer made contributions while residing in another state. (*See* Ptfs' Resp to Def's Mot for Summ J at 5.) Plaintiffs infer that the department "had no concerns about contributions to a 401(k) plan that were rolled over to an IRA" because "[t]he sole issue" before the court was whether the contributions had been taxed. (*See id.*) Whether or not Plaintiffs correctly infer the department's position, the court in *Smith* did not decide whether the taxpayer's contributions to a 401(k) plan that later rolled over into an IRA presented a problem under ORS 316.159(2). Instead, the court decided the case based on the lack of double taxation. *Id.* at *1, *citing Leaf*, 15 OTR at 54, 56. The *Smith* taxpayer's 401(k) contributions were not taxed while the taxpayer was a resident of Nevada, and therefore his distributions taken while an Oregon resident did not qualify for subtraction under ORS 316.159. *Id*. Although *Smith* contains some similar facts with a 401(k) rolled into an IRA, it does not resolve the issue presented in this case.

Having reviewed cases interpreting ORS 316.159, the court finds none addressing the specific question presented here: namely, whether *contributions* must be made to one of the enumerated plans listed under ORS 316.159(2) for the subtraction to apply, or if this subsection of the statute only restricts sources of distributions.

/ / /

/ / /

B.      *Whether ORS 316.159(2) Applies to Plan Contributions*

When the court is confronted with a statutory interpretation issue of first impression, it will apply the analytical framework set out in *State v. Gaines,* 346 Or 160, 206 P3d 1042 (2009), considering the text, context, and any relevant legislative history to ascertain legislative intent. "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted[.]"  ORS 174.010.

1.      *Text of ORS 316.159*

ORS 316.159(2) lists the plans and trusts described in the statute, including IRAs. However, this subsection references neither distributions nor contributions and must be read together with subsection (1) to understand its significance and meaning.  ORS 316.159(1)(a) states "there shall be subtracted from federal taxable income of a resident individual *the distributions received* by the individual *from a plan or trust described under subsection (2)* of this section * * *."  (Emphasis added.)  As noted above and agreed upon by the parties, subsection (2) includes "individual retirement account[s] described in section 408 of the Internal Revenue Code[.]"  ORS 316.159(2)(a).  Reading subsections (1) and (2) together, a distribution from an IRA qualifies for a subtraction.

The plain wording of the statute supports Plaintiffs' position because it contains no reference to *contributions* made to a plan listed in subsection (2).  Rather, the statute requires a distribution from a qualifying plan listed in subsection (2), as occurred here.  Defendant's interpretation of the statute requires the court to insert words that have been omitted.  To credit Defendant's interpretation would require the court to impermissibly create a new requirement that a subtraction is allowed only if "contributions" were made to a plan listed in subsection (2).

The court next considers whether context creates that requirement.

   2.    *Context of ORS 316.159*

ORS 316.159 places constraints on contributions in subsections (1)(a) and (3). Under subsection (1)(a), contributions: (A) must have been made in a tax period during which the individual was a nonresident, and (B) must have been made in a tax period for which no deduction, exclusion or exemption was allowed or allowable by the resident state. *See* ORS 316.159(1)(a)(A) and (B). Subtractions are further disallowed for contributions made when the taxpayer was a nonresident required to file an Oregon return if a deduction or exclusion was allowable, or for which the taxpayer was allowed a credit for taxes paid another state. *See* ORS 316.159(3). Those restrictions on contributions appear aimed at ensuring the taxpayer was taxed on the contribution.

ORS 316.159(4) further limits the subtraction. It states, "[a] subtraction shall not be allowed under this section for interest or other income arising from investment of contributions made to a plan or trust described in subsection (2) of this section." Subsection (4) creates a link between contributions and the plans listed in subsection (2). However, the purpose of subsection (4) appears to be to limit the subtraction to recovery of plan contributions and disallow a subtraction for income or investment income. Subsection (4) does not, by its terms, restrict the subtraction to recovery of contributions made to a plan listed in subsection (2).

In sum, certain subsections of ORS 316.159 impose requirements on contributions for a taxpayer to claim the subtraction, but none require that contributions be made to a plan listed in subsection (2). The context makes clear that legislators were aware of the distinction between "distributions" and "contributions." The legislature could have stated that "contributions" must have been made to a qualifying plan listed under subsection (2), but it did not. The court will

treat each term as distinct and operative when explicitly used within the text of the statute. *See* ORS 174.010 (requiring the court to give effect to all provisions and particulars of a statute).

### 3. *Legislative history of ORS 316.159*

The court is not aware of any legislative history that is helpful in this case. For the reasons discussed above, the text and context of ORS 316.159 support Plaintiffs' claim of a subtraction for the 2023 tax year.

### C. *Whether OAR 150-316-0230 Imposes Additional Requirements on Contributions*

In addition to the statute, Defendant cites OAR 150-316-0230(1)(a) in support of its assertion that contributions must have been made to a plan described in ORS 316.159(2).[5] (*See* Def's Mot at 1.) Specifically, Defendant quotes the following text from the rule: "For tax years beginning on or after January 1, 1991, Oregon will allow resident taxpayers a subtraction for distributions from an individual retirement account, Keogh plan or Simplified Employee Pension plan for the contributions to the plan that have already been taxed by another state." OAR 150-316-0230(1)(a). ORS 316.159(6) permits Defendant to "adopt rules requiring substantiation of the contributions and tax treatment upon which the subtraction under this section is based" and Defendant promulgated the rule to implement ORS 316.159. The question becomes whether the rule imposes an additional requirement on contributions that is not found in the statute.[6]

"In construing an administrative rule, the court applies the same analytical framework that applies to the construction of statutes." *Dept. of Rev. v. Alaska Airlines*, 25 OTR 91, 101 (2022). The court considers the text, context, and any relevant adoption history to determine the

---

[5] The court's references to the Oregon Administrative Rules (OAR) are to the 2023 edition.

[6] To the extent the rule imposes an additional requirement not found in statute, the next question would be whether the requirement conflicts with the statute. *See Pacificorp v. Dept. of Rev.*, 374 Or 189, 209-210 (2025) (an administrative rule is invalid as applied if it truly conflicts with relevant constitutional and statutory definitions).

agency's intent.  *Id.*  The text and context of OAR 150-316-0230 suggest that its purpose is to restate provisions of the statute and provide examples of how various statutory provisions apply.[7] No provision in the rule indicates an intent to create additional requirements for plan contributions beyond those stated in the statute.

The explanatory examples provided in OAR 150-316-0230 tend to support Plaintiffs' position.  Examples 2 and 3 both allow for the subtraction of distributions from qualified plans even though contributions were made between 1980 and 1990, before the statute was codified and became effective on January 1, 1991.  That suggests that the relevant inquiry is not whether a subtraction would have been allowed at the time of the contribution, but whether it is allowed at the time of the distribution.  The court concludes that OAR 150-316-0230 does not alter or add to the requirements of ORS 316.159, but merely serves to illustrate the statute's application.

## III.  CONCLUSION

Upon careful consideration, the court grants Plaintiffs' motion for summary judgment and denies Defendant's Motion for Summary Judgment.  The plain wording of ORS 316.159(1) requires only that the taxpayer received *distributions* from a plan listed in ORS 316.159(2), as occurred in this case.  The statutory context imposes numerous requirements on contributions but does not require that contributions be made to a plan listed in subsection (2).  Accordingly, the court concludes that Plaintiffs are entitled to a subtraction for their retirement plan distribution under ORS 316.159 for the 2023 tax year.  Now, therefore,

/ / /

---

[7] Some phrasing in the rule appears to be nearly identical to the statutory phrasing.  *Compare* ORS 316.159(1)(a)(A) ("The distributions consist of contributions made *in* a *tax* period during which the *individual* was a nonresident") with OAR 150-316-0230(1)(a)(A) ("The distributions consist of contributions made *during* a period in which the *taxpayer* was a nonresident *of Oregon*") (emphasis added).

IT IS THE DECISION OF THIS COURT that Plaintiffs' motion for summary judgment is granted, and Defendant's Motion for Summary Judgment is denied.

IT IS FURTHER DECIDED that Plaintiffs' appeal is granted.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed.   TCR-MD 19 B.*

*This Decision was signed by Presiding Magistrate Allison R. Boomer and entered on November 14, 2025.*